hLANDRIEU, Judge.
This case concerns the district court’s grant of the plaintiffs motion for new trial and its judgment in favor of the plaintiff following the new trial.
The plaintiff suffered a residential burglary at his home on North Rocheblave during the evening of January 28, 1994. He notified his insurer, the defendant, Allstate Insurance Company, through his agent on January 29, 1994, and through Allstate’s claims office on January 31, 1994. On February 11, 1994, an Allstate representative interviewed the plaintiff at his home. The representative, Ms. Nancy Howard, requested documentation to support the claim. On April 14, 1994, the plaintiff submitted the requested documentation and a sworn statement of his loss to Allstate’s claims office. On the same date, he appeared at Allstate’s counsel’s office to give an examination under oath. On June 2, 1994, Allstate notified the plaintiffs counsel that it was denying the claim on the basis of concealment or fraud.
Thereafter, in January of 1995, the plaintiff sued Allstate. The matter came to trial on January 21, 1997; post-trial briefs were filed on March 2, 1997. On April 7, 1997, the district court issued its judgment in favor of the plaintiff, awarding him $4,767.00, plus court costs and interest from the date of demand. In its written judgment, the district court applied a business property limitation, denied the plaintiffs request with regard to the stereo equipment, finding that the | ^receipt submitted in support of the loss was “invalid,” and denied the plaintiffs request for attorney fees . and penalties, finding that Allstate had not acted arbitrarily and capriciously in denying the plaintiffs claim.
The plaintiff timely filed a motion for new trial on April 15, 1997. On April 16, 1997, the district court denied the motion for new trial, writing the following: “Denied. Hearing not necessary. Further no memo in support.” This was followed by the judge’s signature. In different color ink, the language above was modified to strike-through “Hearing not necessary. Further” and to add under the judge’s signature, “Memo in support needs to be filed.” The changes are initialed “tfl.” There is no date indicating when the changes were made.
The defendant, however, has submitted the “true” copy of the motion for new trial served on it on April 22, 1997. This copy shows that the motion is “Denied” in handwriting, but the judge’s name is typed on the signature line.
Subsequently, on April 29, 1997, the plaintiff filed a “Memorandum in Support of Motion for New Trial.” Although the *1003 record does not contain a rule to set the matter for a hearing, the district court on the same date, April 29, 1997, fixed a hearing for the motion on May 23, 1997. The record indicates the defendant on May 6, 1997, was personally served with a notice of the hearing on the motion for new trial set for May 28, 1997. The record does not show that a copy of the memorandum in support of the motion was served on the defendant.[1]
At any rate, the record does not establish that a hearing was held on May 23, 1997. There is also no indication this hearing was reset. However, on September]^, 1997, the district court granted the plaintiffs motion for new trial.[2] In its judgment, the court acknowledged that the plaintiff had submitted a motion for new trial on the basis that the award of $2,772.00 dollars for the loss of the camera equipment was clearly contrary to the law and evidence. The court noted, “Plaintiffs counsel submitted a memorandum in support of its motion for a new trial and the Court took the matter under advisement.” The court then stated:
After review of the facts of the case and review of [the] transcript of testimony given during the trial, the Court is of the opinion that a new trial is warranted only as to the issue of damages in regards to the loss of plaintiffs camera equipment. The Court grants a new trial and will hear testimony relative to the value of the camera equipment and whether or not it was used for business purposes.
The court then set a new trial on September 19,1997.
Because neither party was notified of the new trial date, the district court on September 30,1997, amended its judgment of September 4, 1997, reiterating that the motion for new trial was granted and that the new trial was set for October 10, 1997. The matter was heard on that date; however, no new testimony was taken, as certified by the court reporter.
On October 22, 1997, the district court again rendered judgment in favor of the plaintiff. The district court found that the camera equipment was not subject to the business property limitation and increased the award for the loss of the camera equipment to $7,700.00.[3] The court further found that the receipt submitted by the plaintiff for the stereo equipment was invalid. Reasoning that the defendant had not introduced evidence contradicting the plaintiffs testimony that he had owned |4the stereo equipment and that it had been stolen, the court awarded the plaintiff $1,981.21 for the loss of the stereo equipment. The total award, therefore, was increased from $4,767.00 to $11,676.21, plus costs and interest from date of judicial demand. The court again denied the plaintiffs request for attorney fees and penalties.
Allstate appeals the district court’s grant of the motion for new trial and the district court’s judgment of October 22, 1997. The defendant asserts four assignments of error:
(1) The district court erred in granting the motion for new trial (a) because the court had already denied the motion for failure to provide a supporting memorandum and (b) because the evidence presented at the first *1004 trial supported the original judgment.
(2) The district court erred in not setting the motion for new trial for a contradictory hearing.
(3) The district court erred in determining that the camera equipment was not subject to the business deduction.
(4) The district court erred in awarding the plaintiff for loss of the stereo equipment when the order granting the motion for new trial had limited the scope of the new trial solely to the issue of the camera equipment.
The plaintiff has answered Allstate’s appeal. He seeks the attorney’s fees and penalties denied by the district court. He maintains Allstate acted arbitrarily and capriciously in failing to pay his claim within thirty days of the date the claim was made.
In its first assignment of error, the defendant asserts the district court erred in granting the motion for new trial on September 4, 1997, because it had already denied the motion on April 16, 1997. The defendant further asserts the motion was properly denied, because no supporting memorandum was filed pursuant to Rule 8, section 2, of the local rules of the Civil District Court. The defendant argues that, by holding the matter open for the filing of the supporting memorandum, the |sdistrict court effectively extended the time period for the filing of the motion for new trial, an extension it had no authority to grant. The plaintiff counters that the district court, when it set a hearing on the motion for new trial after the memorandum in support was filed, effectively granted a rehearing on the motion for new trial. He also argues that the granting of the new trial ex proprio motu on September 4, 1997, was proper under the court’s authority set forth in La.Code Civ. Proc. art. 1973.
We disagree with both characterizations of the district court’s actions. Nothing in the local rule cited by the parties mandates the district court deny or dismiss a motion for new trial for failure to file the memorandum in support thereof. Accordingly, it was within the court’s discretion to dismiss the motion on that basis. The court, however, chose not to do so, instead noting on the judgment in the record that a memorandum in support of the motion should be filed. Though the district court should have set a date for the filing of the memorandum and though the defendant’s copy of the motion indicates the motion was denied without conditions, the defendant did not appear at the hearing on the motion, a hearing of which it had notice. Apparently neither party appeared on May 23, 1997; consequently, the district court, as it indicated in its judgment of September 4, 1997, “took the matter under advisement.” Accordingly, we do not find that the district court after its initial ruling of April 16, 1997, lacked authority to entertain the motion for new trial and to render a ruling thereon.
We also find that the district court properly ruled on the motion for new trial without first conducting a contradictory hearing. Though the defendant may be correct that no hearing was conducted before the district court issued its ruling on September 4, 1997, it is clear that the court set such a hearing for May 23, 1997, Rand that the defendant was given notice of the hearing on May 6, 1997. That the defendant decided not to appear at the hearing, choosing instead to rely on the apparent denial of the motion, did not require the court to schedule another hearing on the motion for new trial before it issued its ruling. At any rate, there is no absolute right to a contradictory hearing on a motion for new trial. See Gennings v. Newton, 567 So.2d 637, 640 (La.App. 4 Cir.1990).
The defendant next argues the district court erred in granting the motion for new trial, because the law and the evidence introduced at the first trial supported the district court’s original judgment. In his motion for new trial, and in the supporting *1005 memorandum, the plaintiff alleged that the award of $2,772.00 for the loss of the camera equipment was “clearly contrary to the law and evidence presented at trial.”
La.Code Civ. Proc. art. 1972 provides in pertinent part:
A new trial shall be granted, upon contradictory motion of any party, in the following cases:
(1) When the verdict appears clearly contrary to the law and the evidence.
Although the granting of a new trial is mandatory under the circumstances above, we have acknowledged the district court’s discretion in determining whether the verdict is contrary to the law and evidence. Zatarain v. WDSU-Television, Inc., 95-2600 (La.App. 4 Cir. 4/24/96), 673 So.2d 1181. In Zatarain, we further noted that “a motion for new trial based on a contention that the verdict is contrary to the law and evidence should be denied if the verdict is supportable by any fair interpretation of [the] evidence.” 95-2600, p. 3, 673 So.2d at 1183. A district court’s judgment on a motion for new trial should not be reversed absent a finding that the district court abused its discretion. Id.
l7La.Code Civ. Proc. art. 1973 provides in pertinent part:
A new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law.
The Supreme Court has set forth the standard for granting a new trial pursuant to Article 1973:
A proper application of this article necessitates an examination of the facts and circumstances of the individual case. When the trial judge is convinced by his examination of the facts that the judgment would result in a miscarriage of justice, a new trial should be ordered. We have recognized that the court has much discretion regarding this determination. However, this court will not hesitate to set aside the ruling of the trial judge in a case of manifest abuse.
Lamb v. Lamb, 430 So.2d 51, 53 (La.1983) (citations omitted).
In asserting the award for loss of the camera equipment was contrary to the law and the evidence, the plaintiff argued that the court misinterpreted his testimony as to whether the equipment was used for business purposes. According to the plaintiff, he testified that, although it was “professional camera equipment,” it was not used for “business purposes.” He further claimed that he earned no income from the use of the equipment and that the professional photography done by him was a hobby. He also argued in his motion that the defendant introduced no evidence refuting his claim that the equipment was not subject to the business property limitation.
The district court, in granting the motion for new trial, stated that “a new trial is warranted only as to the issue of damages in regards to the loss of plaintiffs camera equipment.” In its reasons for judgment following the new trial, at which no new testimony was introduced, the court stated, “The evidence reveals that the camera equipment was not subject to a business deductible, [sic]”
|sWe cannot say the district court abused its discretion in granting the motion for new trial on the issue of the business property limitation. Although there was testimony from the plaintiff that he had in the past used the Hasselblad equipment to render professional photography services, evidence that he had earned any income from these services was minimal. It is reasonable that the district court, in granting the motion for new trial, believed that it had misapplied the definitions of “business” and “business property” set forth in the policy issued by Allstate. The district court, in granting the motion for new trial, necessarily found that a miscarriage of justice would result if the original verdict remained intact.
Furthermore, we find no manifest error in the district court’s determination *1006 that the plaintiff had proved by a preponderance of the evidence that he was entitled to reimbursement for the stipulated value of the stolen camera equipment.
The policy issued by Allstate to the plaintiff placed a limitation for recovery on certain personal property. The policy provided for a limitation on “[property used or intended for use in a business, including property held as samples or for sale or delivery after sale, while the property is on the residence premises.” The policy defined “business” as “any full or part-time activity of any kind engaged in for economic gain including the use of any part of any premises for such purposes.”
Although the plaintiff identified the pieces of camera equipment he used for professional photography, the Hasselblad camera and accessories, and those he used for hobby purposes, he indicated that he used the Hasselblad equipment for professional photography only ten percent of the time. Although he testified in the examination under oath that he had earned some income from professional services some nine or ten years earlier, he explained that he used the proceeds to purchase |9more camera equipment. His tax return for 1992 showed no income from professional photography services. On this evidence, we cannot say the district court was clearly wrong in finding that the Hasselblad-related equipment was not “business property” used for “business” purposes as defined in the policy.
The defendant next asserts the district court erred in retrying the issue of the stereo equipment. We agree that the district court, after granting the motion for new trial “only” on the issue of the business property limitation, erroneously retried the issue of whether the plaintiff had proved his claim with regard to the stereo equipment. We therefore reverse the district court’s judgment of October 22, 1997, with respect to the award for the loss of the stereo equipment.
Furthermore, we find no abuse of discretion in the district court’s judgment of September 4, 1997, in which it denied the motion for new trial with respect to the stereo equipment. The evidence as adduced at trial supported the district court’s conclusion that the plaintiff had failed to prove by a preponderance of the evidence that he had purchased and possessed the stereo equipment allegedly stolen in the burglary. The district court, in finding that the receipt provided by the plaintiff was “invalid,” evidently concluded the plaintiff had failed to prove he had ever possessed the stereo equipment. Moreover, the owner of the store where the plaintiff allegedly purchased the stereo equipment testified that no such equipment was sold to the plaintiff on or near the date he claimed he had purchased the equipment. Clearly, the district court was required to make a credibility determination with respect to the plaintiffs proof that he had owned the stereo equipment he claimed was stolen. We cannot say the district court’s factual conclusion was clearly wrong on this conflicting evidence.
ImFinally, we find no abuse of discretion in the district court’s judgment denying the motion for new trial with respect to the request for statutory penalties and attorney fees under La.Rev.Stat. 22:658. Given that the insurance company’s investigation revealed the plaintiff had not purchased the stereo equipment from the store he said he had and that the sales receipt offered by him as proof of purchase and value was merely a “price quotation,” we cannot say Allstate acted arbitrarily, capriciously, or without probable cause in refusing to pay the claim presented by the plaintiff.
For the reasons set forth above, we affirm in part the district court’s judgment of October 22, 1997. We reverse that portion of the judgment with regard to the award for the stereo equipment. We thus amend the judgment to provide as follows: Jewelry — $1,000.00; Clothing — $1,245.00, Camera Equipment — $7,700.00; less deductible of $250.00; for a total award of *1007 $9,695.00 plus interest from the date of judicial demand. All costs on appeal are to be born by the parties.
AFFIRMED IN PART; REVERSED IN PART; AND AMENDED.

. The defendant stated in oral argument that it did not respond to the notice of the hearing on the motion, because it believed that the motion itself had been denied.

. The record does not show that a hearing on the motion for new trial was either continued to or actually held on September 4, 1997; nor is there any indication that the defendant was given notice of the September 4th hearing. There is no indication in 'the record that the defendant was given notice of the signing of the judgment of September 4, 1997.

.This amount was stipulated by the parties as the total value of all the camera equipment, including the Hasselblad equipment and accessories allegedly used for business purposes.