|,CHARLES R. JONES, Judge.
The Appellants, Haynes Best Western of Alexandria, Inc., et al., seek review of the judgment of the District Court for the Parish of Orleans granting the Motion for Default Judgment on behalf of the Appel-lees, Sonya J. Williamson, et al. After a thorough review of the record, we reverse and remand.

FACTS AND PROCEDURAL HISTORY

For a recitation of the facts, see St. Paul Mercury Ins. Co. v. Williamson, 332 F.3d 304 (5th Cir.2003).

DISCUSSION

The first issue raised by Haynes Best Western of Alexandria, Inc. et al. (hereinafter “Best Western”) is whether a preliminary default can be confirmed when the court has outstanding exceptions. Best Western argues that a Preliminary Default Judgment should not have been granted in light of the exceptions they had filed, which had not yet been ruled upon. The Appellees argue that the Preliminary Default Judgment contains the district court’s handwritten notations about these three exceptions, and, hence, this Court can assume that these exceptions were considered and rejected by the district court. However, we pretermit a discussion of this issue since the legitimacy of this appeal centers around whether the district 12court erred by granting the Motion for Default Judgment, the second issue raised by the Appellants. Best Western argues that the district court erred in granting the Default Judgment based on: 1. an invalid preliminary default; 2. the record does not reflect a prima facie case, and was based on hearsay evidence; 3. the district court was currently under an order granting injunctive relief; and 4. no notice of judgment was given. However, the most salient of these is whether the district court was under a federal injunction at the time the judgment was rendered. We find that the district court was under a federal injunction when it granted the Motion for Default Judgment. The U.S. District Court, Western District of Louisiana had issued its first order granting injunc-tive relief, enjoining state courts from proceeding in this matter, on October 16, 1998. Said Order stated,
For the oral reasons assigned at the conclusion of the Court’s October 5,1998 hearing on plaintiffs’ [sic] motion for a preliminary injunction [rec. doc. No. 2], *226 the Court finds that the issues raised in the state court litigation pending in the Civil District Court for the Orleans Parish, are the same issues litigated and decided by this Court in Civil Action 93-1902. Accordingly,
IT IS ORDERED that plaintiffs’ [sic] motion for preliminary injunction is GRANTED pursuant to 28 U.S.C. § 2283 to protect and effectuate the judgment and rulings of this Court issued in Civil Action 93-1902 and defendants, Robert and Sonya T. Williamson, their minor child Jolie Williamson, and their children Dixie and Abner Williamson, Lawrence T. Smith, their agents and anyone acting on their behalf and the Civil District Court for Orleans Parish are enjoined from pursuing the nullity action pending in the Civil District Court for Orleans Parish, State of Louisiana, bearing docket number 95-16175, entitled Sonya J. Williamson, et al v. Haynes Best Western of Alexandria, Inc, et al. [Emphasis added.]
The Motion for Default Judgment was filed on January 25, 2001. The Preliminary Default Judgment was granted on February 9, 2001. However, on June 1, 2001, the U.S. District Court expressly stated in a second Order that the |RCivil District Court for the Parish of Orleans violated the first injunctive order, thus requiring the U.S. District Court to expand its Order to all Louisiana state courts. [Emphasis added.] The expansion order stated:
... for the reasons assigned in the Court’s April 25, 2001, 3:55 p.m. order signed at 4:35 p.m., the Court finding it necessary to enjoin all state court action to prevent the state courts from so interfering with this Court’s and the United States Court of Appeals for the Fifth Circuit’s consideration or disposition of this case as to seriously impair the Court’s flexibility and authority to decide this issue,
IT IS ORDERED that the Court of Appeal, Fourth Circuit, State of Louisiana, and all other courts of the State of Louisiana before which matters are pending arising out of suit number 95-16175, Division “F” of the docket of the Civil District Court for the Parish of Orleans, State of Louisiana, are enjoined from adjudicating any matters related there to [sic] until further order of this Court.
This disregard for the order granting injunctive relief is further elucidated in St. Paul Mercury Ins. Co. v. Williamson, 332 F.3d 304 (5th Cir.2003), wherein the United States Court of Appeals, Fifth Circuit, stated that the U.S. District Court issued:
another preliminary injunction, which effectively enjoined the enforcement of the default judgment in the nullification suit (the “second preliminary injunction”). The Williamson’s timely filed a notice of appeal.
While the Williamson’s appeal was pending before us, the state court that had issued the default judgment continued proceedings apace, ignoring the second preliminary injunction. In May 2001, the state court denied the insurance parties’ motion for a new trial. The insurance parties thus returned to the district court and requested that the second preliminary injunction be amended to cover any state appellate proceedings. In June 2001, the district court agreed, expanding the scope of the second preliminary injunction accordingly.
14Clearly the Louisiana district court was prohibited from acting in this matter at the time in which it issued the default judgment. Therefore, we must reverse and remand for a hearing on the Petition for Nullity, now that the orders granting *227 injunctive relief by the United States courts are no longer in effect.
The final issue raised by Best Western is whether the district court erred in denying it’s Motion for New Trial without a contradictory hearing, and while under a federal injunction enjoining the district court from adjudicating any matters relating to the Petition of Nullity.
Disposition may be rendered in Motion for New Trial without a contradictory hearing. A contradictory hearing would not be required. Pursuant to La. C.C.P. art.1971, “[a] new trial may be granted, upon contradictory motion of any party or by the court on its own motion, to all or any of the parties and on all or part of the issues, or for re-argument only.” In Waters v. Allstate Ins. Co., 731 So.2d 1001 (La.App. 4 Cir. 3/31/99), this Court found that no absolute right to a contradictory hearing exists on a Motion for New Trial. Further, a Motion for New Trial may be summarily denied in the absence of a clear showing in the motion of facts or law reasonably calculated to change the outcome or reasonably believed to have denied the applicant a fair trial. Lopez v. Wal-Mart Stores, Inc., 700 So.2d 215, (La.App. 4th Cir.8/13/97).

DECREE

For the reasons set forth herein, the judgment of the District Court is reversed, the matter is remanded for a hearing on the Petition of Nullity.

REVERSED AND REMANDED.