FREDERICKA HOMBERG WICKER,. Judge.
lain this case, defendant challenges the trial court’s judgment denying its Motion for New Trial. For. the reasons that follow, we dismiss the appeal without prejudice.

FACTUAL AND PROCEDURAL HISTORY

On November 24, 2009, plaintiff, 9029 Jefferson Highway, L.L.C., filed a petition for damages and breach of contract in the First Parish Court for the Parish of Jefferson against defendant, S & D Roofing, L.L.C., alleging that defendant had failed to install a replacement roof on plaintiffs building as specified by a contract in place between the parties. On April 16,- 2010, plaintiff obtained a default judgment against defendant in the amount of $15,000.00, plus court costs.
On August 18, 2011, defendant filed a Motion for New Trial, arguing that the default judgment was contrary to the law and evidence and that notice of the default judgment was defective. On December 12, 2011, at the hearing on defendant’s Motion for New Trial,' the trial court found that defendant had not been served with notice of the default judgment and continued the hearing without date to give plaintiff an opportunity to cure the defective notice. However, on February |¾2, 2012, the trial court signed a written judgment, prepared by plaintiff, which incorrectly stated that defendant’s Motion for New Trial was dismissed as premature. Thereafter, notice of the default judgment was. personally served on defendant’s registered agents for service.
Defendant then filed a Motion to Reset the’ Motion for New Trial, which was denied as untimely bn November 15, 2012. Defendant’s first motion for appeal was granted on that same date.
In the first appeal, this Court reversed the trial court’s judgment denying the Motion for Nevv Trial as untimely, and found that the Motion for New Trial, filed after the signing of the judgment but prior to mailing notice or service of the judgment, was neither premature nor untimely, because the Code of Civil Procedure does not *524 prohibit the filing of a motion for new trial prior to notice or service of the judgment, and the seven-day period to file a motion for new trial did not begin to run until the default judgment was served on the defendant’s registered agent for service. See 9029 Jefferson Highway, L.L.C. v. S & D Roofing, L.L.C., 13-588 (La.App. 5 Cir. 2/26/14), 136 So.3d 313. Accordingly, this Court remanded the case to the trial court for consideration of the merits of defendant’s Motion for New Trial.
On remand, the trial court conducted a hearing on the Motion for New Trial. At the April 16, 2015 hearing, the trial judge denied the Motion for New Trial in open court and subsequently signed a written judgment to the same effect on April 22, 2015. On April 30, 2015, the Clerk of Court mailed notice of signing of the April 22, 2015 judgment. On May 22, 2015, defendants timely filed a motion for sus-pensive appeal.
J^LAW AND ANALYSIS
A review of the record reflects that defendant appeals from the April 16, 2015 denial of defendant’s Motion for New Trial, rather than from the underlying default judgment.
The denial of a motion for new trial is an interlocutory judgment which is not appealable. Burns v. Sedgwick Claims Mgmt. Servs., 14-421 (La.App. 5 Cir. 11/25/14), 165 So.3d 147, 151. Rather, the denial of a motion for new trial is renewable only under the appellate court’s supervisory jurisdiction for abuse of discretion. Id. However, Louisiana courts have held that appeals are favored in law, must be maintained whenever possible, and will not be dismissed for mere technicalities. Any doubt concerning the validity of an appeal should be resolved in favor of the appellant to the end that an appeal can be sustained. Id.
Thus, an appeal from the order denying a new trial, rather than from the judgment from which the new trial is sought, is improper. However, when the motion for appeal refers to a specific judgment denying a motion for new trial, yet the appellant exhibits a clear intention to appeal instead the judgment on the merits, then the appeal should be considered. This view conforms to the mandate of La. C.C.P. art. 865 to construe every pleading so “as to do substantial justice.” Id. at 151-52; Pignona v. Farber, 13-192 (La.App. 5 Cir.10/9/13), 128 So.3d 390, 396.
In reviewing defendant’s motion for appeal and appellate brief, it is clear that defendant intended to appeal the order denying its Motion for New Trial rather than the default judgment from which the new trial was sought.
In the “Statement of Jurisdiction” contained within its appellate brief, defendant cites only the judgment denying its Motion for New Trial as the basis for jurisdiction in this Court. Moreover, the sole assignment of error and issue | ^presented for review by defendant’s appellate brief is the trial court’s denial of defendant’s Motion for New Trial. Most importantly, in its argument, defendant focuses solely on its entitlement to a new trial, rather than pointing to any error in the trial court’s granting default judgment in favor of plaintiff. Thus, our review reveals that the judgment at issue is the trial court’s denial of defendant’s Motion for New Trial, which is an interlocutory judgment that is not subject to an immediate appeal.[1]
*525 Accordingly, we conclude that we have no appellate jurisdiction to consider the merits of the present appeal, and we therefore dismiss this appeal without prejudice. However, we reserve defendant’s right to file a proper application for supervisory writs, in compliance with U.R.C.A. Rule 4-3, within thirty days from the date of this decision. Further, we hereby construe the motion for appeal as a notice of intent' to seek a supervisory writ so that defendant is not required to file a notice of intent nor obtain an order setting a return date pursuant to U.R.C.A. Rule 4-3.

DECREE

For the foregoing reasons, we dismiss this appeal without prejudice. We further grant defendant thirty days from the date of this opinion to file a writ application with this Court.

APPEAL DISMISSED

. Review of the interlocutory judgment denying defendant’s Motion for New Trial is properly taken under this Court’s supervisory jurisdiction. However, this Court does not typically convert appeals into writ applications. See, e.g., Bank of N.Y. v. Holden, 15- *525 466, p. 5 (La.App. 5 Cir.12/23/15), 182 So.3d 1206; State v. Donaldson, 13-703 (La.App. 5 Cir.11/19/13), 130 So.3d 394, 395.