WICKER, J.
In this medical malpractice action, plaintiffs, Jody Taylor, Gwendolyn Bourgeois, and Donald Foster, individually, and on behalf of their deceased mother, Rita Foster, appeal the trial court's August 15, 2017 judgment sustaining an exception of prescription in favor of defendants, Charles O. Olisa, M.D. and Smita S. Pechitty, M.D., and dismissing, with prejudice, only those claims plaintiffs made against them for survival damages. Because we find the judgment at issue is not a final, appealable judgment, we dismiss the appeal for lack of jurisdiction.
FACTUAL BACKGROUND AND PROCEDURAL HISTORY
Rita Foster was hospitalized at Ochsner Medical Center Baton Rouge in August 2012, during which time defendant, Dr. Olisa, ordered a CT scan of her chest. The radiologist's report for the CT scan identified a "2 cm, irregular spiculated appearing opacity in the right apex" of the lung, and recommended that Ms. Foster undergo a follow-up CT scan in three to six months. According to plaintiffs, Dr. Olisa failed to report the radiologist's findings in any of his daily progress notes and failed to document the radiologist's recommendation of a follow-up chest CT scan anywhere in Ms. Foster's medical records. Plaintiffs aver that Dr. Olisa's omission contributed to the failure of subsequent health care providers within the Ochsner Health System to obtain the recommended follow-up CT scan of Ms. Foster's chest. The record reflects that Dr. Olisa did not provide any further treatment to Ms. Foster after August 10, 2012.
When Ms. Foster was discharged from Ochsner Medical Center Baton Rouge in September 2012, defendant, Dr. Pechitty, prepared her discharge summary, which was silent with regard to the CT scan of Ms. Foster's chest and the radiologist's findings. Plaintiffs aver that Dr. Pechitty's failure to document the radiologist's findings or recommendations in his discharge summary and/or instructions contributed to the failure of subsequent health care providers within the Ochsner Health System to obtain the recommended follow-up CT scan of Ms. Foster's chest. The record indicates that Dr. Pechitty's last treatment or evaluation of Ms. Foster occurred on September 5, 2012.
In the ensuing days and years following her discharge from Ochsner Medical Center Baton Rouge through the date of her death on May 30, 2016, Ms. Foster was *1284 treated for various conditions by other physicians and health care providers within (and without) the Ochsner Health System. Plaintiffs aver that the breakdown in communication among and between the Ochsner Health System's employee-physicians, due to either the lack of implementing policies and/or procedures by the Ochsner Health System or its employee-physicians' refusal to comply with them, resulted in their collective failure to order the recommended follow-up CT scan of Ms. Foster's chest during 2013, 2014, or 2015, and in their failure to inform Ms. Foster or her family of the need for a repeat CT scan.
In February 2016, due to progressing respiratory symptoms, Ms. Foster was evaluated by a pulmonologist and underwent a CT scan of her chest, which revealed a mass in her right lung and several nodules in the lobes of both lungs. Thereafter, Ms. Foster was treated by an oncologist, who explained to her and her daughter that, in his opinion, the CT scan indicated that Ms. Foster had metastatic lung cancer with lymph node involvement and a lesion in the T-9 thoracic vertebra. According to plaintiffs, this was the first time that Ms. Foster and/or her family had been advised of the "2 cm spiculated opacity" that was identified on Ms. Foster's initial August 2012 CT scan, which the oncologist purportedly opined represented "the primary source of the lung cancer that was found in the 2016 CT scan." Ms. Foster died approximately three months later on May 30, 2016. Plaintiffs aver that had Ms. Foster undergone the repeat CT scan of her chest between November 2012 and February 2013 as recommended by the radiologist in August 2012, she would have been diagnosed with cancer sooner and possibly would have had the opportunity for a more favorable outcome.
On February 1, 2017, plaintiffs filed a complaint with the Commissioner of the Louisiana Division of Administration to convene a medical review panel to investigate whether "Ochsner Clinic Foundation, the Ochsner Health System, including its corporate components, Ochsner Health System, Inc., the Ochsner Clinic, LLC, and the East Baton Rouge Medical Center, LLC d/b/a Ochsner Medical Center Baton Rouge, and its employees and members of its Ochsner physician network," including Drs. Olisa and Pechitty, "breached the standard of care when providing patient care services to Ms. Foster between August 10, 2012 and her death on May 30, 2016."
On May 25, 2017, Drs. Olisa and Pechitty alone filed a petition to institute discovery. On that same day, in response to plaintiffs' request to convene a panel, Drs. Olisa and Pechitty filed a limited exception of prescription alleging that, as to them, the survival action had prescribed under the three-year limitation period set forth in La. R.S. 9:5628. Drs. Olisa and Pechitty only sought dismissal of those claims brought against them on behalf of Ms. Foster for the survival damages she allegedly suffered during her lifetime as a result of their alleged malpractice. Of significance is the fact that Drs. Olisa and Pechitty did not move for a dismissal of any claims plaintiffs may have against them for the wrongful death of their mother and any damages they personally suffered as a result of Ms. Foster's death. No other defendant filed a petition to institute discovery or an exception of prescription.
The exception of Drs. Olisa and Pechitty came for hearing on August 15, 2017, with evidence being introduced by both plaintiffs and defendants. At the close of the hearing, the trial judge orally sustained defendants' exception of prescription dismissing *1285 plaintiffs' claims for survival damages against Drs. Olisa and Pechitty, with prejudice. Plaintiffs' claims against Drs. Olisa and Pechitty arising out of wrongful death remain intact; Drs. Olisa and Pechitty were not dismissed as parties from the action. The trial judge issued a written judgment that same day, but did not designate the judgment as final and immediately appealable.[1]
Subsequently, on August 23, 2017, plaintiffs filed a notice of intent to apply for supervisory writs of the court's August 15, 2017 judgment, and obtained a signed order to fix the time for filing their application. Instead of filing an application for supervisory writs, however, plaintiffs filed a motion and order for devolutive appeal on September 22, 2017.
LAW AND ANALYSIS
Appellate courts have the duty to examine subject matter jurisdiction sua sponte , even when the parties do not raise the issue. Lynch-Ballard v. Lammico Ins. Agency, Inc. , 13-475, p. 4 (La. App. 5 Cir. 11/19/13), 131 So.3d 908, 910. This Court cannot determine the merits of an appeal unless our jurisdiction is properly invoked by a valid final judgment. Powell v. Gramercy Ins. Co. , 12-564, pp. 4-5 (La. App. 5 Cir. 3/13/13), 113 So.3d 343, 345 ; La. C.C.P. art. 2083.
Article 1915(B) of the Louisiana Code of Civil Procedure provides, in pertinent part, that when a judgment sustains an exception as to less than all claims between the parties, that judgment is not appealable unless the trial judge designates it as such.[2] In the present case, it is manifest that there are remaining claims between the parties. Specifically, defendants concede that plaintiffs' alleged claims against Drs. Olisa and Pechitty for wrongful death damages arising out of any injuries they may have personally sustained as a result of the death of their mother still exist. It is evident, therefore, that the judgment on the exception of prescription in favor of Drs. Olisa and Pechitty deals with less than all of the issues and/or claims between the parties. Consequently, it is a partial judgment that is not appealable unless designated as such by the trial judge. Because there is no such designation in the record, we have no jurisdiction to consider this matter and the appeal must be dismissed. See Massi v. Rome , 08-1281, pp. 4-7 (La. App. 5 Cir. 6/23/09), 19 So.3d 485, 486-487 ; Pottinger v. New Orleans Heating & Cooling Specialists, Inc. , 06-701, pp. 2-4 (La. App. 5 Cir. 1/30/07), 951 So.2d 1224, 1225-26 ; Raspanti v. Raspanti , 05-738, 05-931, pp. 3-5 (La. App. 5 Cir. 3/3/06), 925 So.2d 676, 678.
Review of this judgment is properly taken under this Court's supervisory jurisdiction. However, this Court does not convert appeals into writ applications. See Meany v. Meany , 96-585 (La. App. 5 Cir. 11/26/96), 685 So.2d 356. Parties have thirty days from the date of the trial court's ruling to file a writ application.
*1286 Uniform Rules-Courts of Appeal, Rule 4-3. This Court, in the interest of justice, permits parties-who use the improper procedural vehicle of appeal instead of supervisory writ-to file a writ application when a motion for appeal is within thirty days of the trial court's ruling. In doing so, we construe the motion for appeal as a notice of intent to seek a supervisory writ.
Here, although plaintiffs' motion for appeal was not filed within thirty days of the trial court's judgment granting the exception, plaintiffs did timely file a notice of intent to apply for a supervisory writ; plaintiffs improperly pursued the appeal instead of going forward with the writ application. Plaintiffs, having timely filed a notice of intent, are hereby given thirty days from the date of this action within which to perfect a proper writ application that fully complies with Rule 4, Uniform Rules-Courts of Appeal. A copy of this opinion must be included in the writ application for compliance with Rule 4-3, Uniform Rules-Courts of Appeal.
Accordingly, we dismiss this appeal, without prejudice, for lack of appellate jurisdiction. Plaintiffs are permitted to file an application for supervisory writs within thirty days from the date of this decision.
APPEAL DISMISSED WITHOUT PREJUDICE; PLAINTIFFS ARE PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION

A notice of signing of judgment was issued by the trial court on August 17, 2017.

La. C.C.P. art. 1915(B) provides, in pertinent part:
(1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal ....