| | | |
|---|---|---|
| **EMILY EVERETT** | * | **NO. 2022-CA-0539** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **AIR PRODUCTS AND** | * | |
| **CHEMICALS, INC., ET AL.** | | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

\* \* \* \* \* \* \*

| | |
|---|---|
| **CONSOLIDATED WITH:** | **CONSOLIDATED WITH:** |
| **EMILY EVERETT** | **NO. 2022-CA-0540** |
| **VERSUS** | |
| **AIR PRODUCTS AND** | |
| **CHEMICALS, INC., ET AL.** | |
| **CONSOLIDATED WITH:** | **CONSOLIDATED WITH:** |
| **EMILY EVERETT** | **NO. 2022-CA-0541** |
| **VERSUS** | |
| **AIR PRODUCTS AND** | |
| **CHEMICALS, INC., ET AL.** | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-05845, DIVISION "G-11"
Honorable Robin M. Giarrusso, Judge
\* \* \* \* \* \*
**Judge Paula A. Brown**
\* \* \* \* \* \*

(Court composed of Chief Judge Terri F. Love, Judge Paula A. Brown, Judge Dale N. Atkins)

Lewis O. Unglesby
Lance C. Unglesby
Jamie F. Gontarek
UNGLESBY LAW FIRM
246 Napoleon Street
Baton Rouge, LA 70802

Thomas M. Flanagan
Anders F. Holmgren

FLANAGAN PARTNERS, LLP
201 St. Charles Avenue, Suite 3300
New Orleans, LA 70170

Lindsey A. Cheek
THE CHEEK LAW FIRM
650 Poydras Street, Suite 2310
New Orleans, LA 70130

COUNSEL FOR PLAINTIFFS/APPELLANTS

John J. Hainkel, III
Kelly L. Long
FRILOT, LLC
1100 Poydras Street, Suite 3700
New Orleans, LA 70163

COUNSEL FOR DEFENDANT-APPELLEE, FOSTER WHEELER, LLC

Joseph J. Lowenthal, Jr.
Madeleine Fischer
Lena D. Giangrosso
JONES WALKER LLP
201 Poydras Street, 51st Floor
New Orleans, LA 70170-5100

COUNSEL FOR DEFENDANT-APPELLEE, LEVEL 3 HOLDINGS, INC.

**REVERSED IN PART; AFFIRMED IN PART;
ANSWERS TO APPEAL DISMISSED
AND REMANDED**
**May 2, 2023**

This civil action arises from a claim of household exposure to asbestos, which later resulted in a diagnosis of mesothelioma. Appellants, Paula Everett ("Paula") and William Everett, Jr. ("William") (collectively, the "Everetts"), individually and as representatives of the decedent, Emily Everett ("Mrs. Everett"), filed separate appeals from two May 4, 2022 judgments of the district court, which granted motions for summary judgment in favor of Appellees, Foster Wheeler LLC ("Foster Wheeler") and Level 3 Holdings, Inc., f/k/a Whitney Holdings, Inc., f/k/a Peter Kiewit Sons ("Peter Kiewit"), dismissing all claims against them with prejudice. Additionally, the Everetts seek to appeal the May 13, 2022 denial of their motion for a new trial. These matters have all been consolidated into the instant appeal. For the reasons that follow, we dismiss the answers of Foster Wheeler and Peter Kiewit, which sought a reversal of the district court's denial of Union Carbide's objection to the Everetts' untimely supplemental opposition; we reverse the district court's judgment that granted summary judgment in favor of Peter Kiewit; we affirm the district court's judgment, granting summary judgment in favor of Foster Wheeler; and we reverse the district court's denial of the Everetts' motion for new trial and remand this matter back to the district court for a contradictory hearing on the motion for new trial on Foster Wheeler's motion for summary judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

According to her deposition testimony, sometime around April of 2018, Mrs. Everett presented to her primary care physician, Dr. Escipion Pedroza, complaining of severe abdominal swelling. After an examination, Dr. Pedroza

scheduled a CT scan for Mrs. Everett and referred her to Dr. Fuentes[1]. The CT scan revealed an accumulation of fluid, which prompted Dr. Fuentes to take a sample of the liquid and send it for testing in the lab. Lab results revealed the presence of cancer cells which, in turn, resulted in Dr. Fuentes diagnosing Mrs. Everett with peritoneal mesothelioma.

In her consultation with Dr. Fuentes, Mrs. Everett explained that while she had never personally worked directly with or in proximity to asbestos, her former spouse, William Everett, Sr. ("Mr. Everett"), had been a journeyman welder and boilermaker throughout their twenty-year marriage and had worked at various plants and locations that potentially exposed him to asbestos. Mrs. Everett described her role in the household as being responsible for laundering all of the family's clothing, including Mr. Everett's work clothing that he wore throughout the work day and until he returned home. There was routinely so much dust in Mr. Everett's work clothing that Mrs. Everett was required to sweep or vacuum up the piles that accumulated and, inevitably, inhaled some of this dust. Mrs. Everett's narrative led Dr. Fuentes to conclude that it was this repeated household exposure to the potentially asbestos-laden dust that was the cause of Mrs. Everett's mesothelioma.

Dr. Pedroza then referred Mrs. Everett to an oncologist, Dr. Thomas Cosgriff. It was Dr. Cosgriff's opinion that Mrs. Everett was already too ill to receive treatment for the mesothelioma, which led Mrs. Everett to seek a second opinion from another oncologist, Dr. Zoe Larned. After reviewing Mrs. Everett's medical history, Dr. Larned agreed that the cause of Mrs. Everett's mesothelioma

---

[1] Mrs. Everett testified that she did not know the first name of Dr. Fuentes. Our review of the record did not yield a first name for Dr. Fuentes.

was her exposure to asbestos through laundering Mr. Everett's clothing; however, Dr. Larned disagreed that Mrs. Everett was too ill to receive treatment and began Mrs. Everett on a regimen of chemotherapy. After three cycles of chemotherapy,[2] Mrs. Everett developed pancytopenia, a condition which inhibits bone-marrow production of blood cells, and it was determined that it was no longer safe for her to continue therapy. Mrs. Everett was placed into hospice care where, on April 11, 2019, she died from complications caused by mesothelioma.

Mrs. Everett filed a petition for damages on June 13, 2018, wherein she alleged that more than thirty (30) named defendants were liable for damages for Mr. Everett's exposure to asbestos, which resulted in her own exposure. Shortly after Mrs. Everett's death, on April 15, 2019, a third supplemental and amending petition was filed, which substituted her two natural children, Paula and William, as plaintiffs in her stead and added allegations of wrongful death. Nearly three years later, following a series of dismissals, consent judgments and settlements, a few of the remaining defendants in the case filed motions for summary judgment.

On March 11, 2022, Union Carbide Corporation ("Union Carbide"), Riley Power, Inc. ("Riley Power"), and Foster Wheeler filed separate motions for summary judgment, with a hearing originally scheduled for April 29, 2022. Following, on March 22, 2022, the district court, *sua sponte*, reset the hearing date to April 14, 2022. Each of these motions were premised on two common bases: (1) the defendants' expert witness, Dr. Allen Gibbs, had produced a written report in which he opined that Mrs. Everett's mesothelioma was developed spontaneously and was not related to asbestos exposure, and the Everetts had failed to provide any expert reports to contradict this opinion; and (2) even assuming that Mrs. Everett's

---

[2] Mrs. Everett received her last chemotherapy treatment on June 27, 2018.

3

mesothelioma was a result of asbestos exposure, the Everetts had not provided any proof of specific causation that could directly attribute that exposure to Union Carbide, Riley Power or Foster Wheeler.

The Everetts timely filed an *Opposition to Summary Judgment in Causation by Foster Wheeler, Union Carbide and Riley Power* on March 23, 2022. In their opposition, the Everetts pointed out that the defendants had taken the deposition of Dr. Larned on April 12, 2019, in which she espoused the opinion that Mrs. Everett's mesothelioma was caused by asbestos exposure, thereby, they argued, creating a genuine issue of material fact.[3] The Everetts also noted in the opposition that the defendants would be taking the deposition of Dr. Victor Roggli prior to the new hearing date and that the Everetts intended to supplement their opposition.

Union Carbide and Foster Wheeler each filed a reply memorandum on April 08, 2022, while Riley Power filed a motion to join and adopt Foster Wheeler's reply, which was granted by the district court on April 12, 2022. These reply memoranda again re-urged the argument that the Everetts had failed to provide any proof as to specific causation, although they conceded that Dr. Larned's deposition testimony potentially spoke to the issue of general causation. Also on April 12, 2022, the Everetts filed a *Supplemental Opposition to Union Carbide's Motion for Summary Judgment on Causation*. Here, the Everetts used the deposition testimony of Dr. Roggli to bolster their assertion that there could be a causal connection between Mr. Everett's possible asbestos exposure and Mrs. Everett's subsequent mesothelioma diagnosis. More importantly, the Everetts explained that their industrial hygienist, Gerald Baril, had been deposed by Union Carbide on April 7, 2022, but that his testimony had not yet been transcribed. According to

---

[3] The transcript of Dr. Larned's deposition testimony was attached to the Everetts' opposition.

4

the Everetts, Mr. Baril's testimony would demonstrate that "[n]o counsel will deny Baril identified exposure from their fault as a substantial contributing factor."

On April 13, 2022, one day before the hearing on the other motions for summary judgment, Peter Kiewit, Mr. Everett's former employer, filed a motion to join Union Carbide's motion for summary judgment. The hearing on the rule to show cause for the motion to join was set for 9:00 a.m. on April 14, 2022, the same day as the hearing set for Union Carbide, Riley Power and Foster Wheeler's motions for summary judgment. Additionally, on April 13, 2022, Union Carbide filed an objection to plaintiffs' untimely supplemental opposition, arguing that its filing two days before the hearing did not comport with the directives of La. C.C.P. art 966(B)(2). On the morning of the hearings, before argument commenced on the motions for summary judgment, the district court denied Union Carbide's objection. After hearing the arguments of counsel, the court rendered judgment in favor of Union Carbide, Riley Power and Foster Wheeler, dismissing all claims against those parties with prejudice. This judgment was signed on May 4, 2022. A separate judgment was signed on May 4, 2022, which granted Peter Kiewit's motion to join Union Carbide's motion for summary judgment, and dismissed all claims against them with prejudice.

The Everetts filed a motion for new trial on May 12, 2022. Amongst the various exhibits attached to this motion, the Everetts included portions of the deposition transcript of Mr. Baril, the industrial hygienist, as well as a report produced by Mr. Baril. In this report, Mr. Baril opined that "Union Carbide, Peter Kiewit, Riley Power, and Foster Wheeler failed to take necessary and required actions to protect William Everett during the years that he was exposed to asbestos." Further, "[a]s a result of the inaction of these companies, Emily Everett

5

sustained para-occupational exposures to asbestos that significantly increased her risk of developing mesothelioma." On May 13, 2022, the district court summarily denied the Everetts' motion for new trial.

A *Motion for Devolutive Appeals* was timely filed by the Everetts on June 7, 2022. The Everetts sought to appeal the summary judgments in favor of Union Carbide, Riley Power, Foster Wheeler and Peter Kiewit in addition to the denial of the motion for new trial. Prior to the docketing in this Court of the instant consolidated appeal, the Everetts reached extra-judicial agreements with Union Carbide and Riley Power, and filed joint motions to dismiss the Everetts' appeal in relation to each of them, respectively; therefore, our review is limited to the summary judgments granted in favor of Foster Wheeler and Peter Kiewit and the denial of the motion for new trial.

## STANDARD OF REVIEW

"This Court reviews the granting of '[a] summary judgment on appeal *de novo*, using the same criteria that govern the [district] court's determination of whether summary judgment is appropriate.'" *Cooper v. Brisco*, 22-0196, p. 4 (La. App. 4 Cir. 10/18/22), ___So.3d___, ____, 2022 WL 10320651 at *2 (quoting *Planchard v. New Hotel Monteleone, LLC*, 21-00347, pp. 2-3 (La. 12/10/21), 332 So.3d 623, 625). "Generally, on a motion for summary judgment, the burden of proof remains with the mover." *Id.* "But, if the moving party will not bear the burden of proof on the issue at trial and identifies an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense, then the non-moving party must produce factual support sufficient to counter that assertion and establish that he will be able to satisfy his evidentiary burden of proof at trial." *Id.* (citing La. C.C.P. art. 966(D)(1)). "However, if the opponent of

6

the motion cannot do so, there is no genuine issue of material fact and summary judgment will be granted." *Id*. (quoting *Ely Edwards Enterprises, Inc. v. Pontchartrain Park CDC Real Estate Holdings, LLC*, 21-0623, pp. 5-6 (La. App. 4 Cir. 4/13/22), 338 So.3d 50, 53).

Generally, "the denial of a motion for new trial is not a final, appealable judgment." *New Orleans Fire Fighters Pension and Relief Fund v. City of New Orleans* 17-0320, p. 5 (La. App. 4 Cir. 3/21/18), 242 So.3d 682, 688 n.12 (citing *9029 Jefferson Highway, L.L.C. v. S & D Roofing, L.L.C.*, 15-686, p. 4 (La. App. 5 Cir. 2/24/16), 187 So.3d 522, 524). "'However, an appellate court may consider interlocutory judgments, such as the denial of a motion for new trial, as part of an unrestricted appeal from a final judgment.'" *Id*. (quoting *Henry v. Sullivan*, 16-0564, p. 7 (La. App. 1 Cir. 7/12/17), 223 So.3d 1263, 1272). Accordingly, we will include an examination of the denial of the Everetts' motion for new trial together with our *de novo* review of the summary judgments granted in favor of Foster Wheeler and Peter Kiewit.

## DISCUSSION

The Everetts raise four assignments of errors, which they believe the district court committed, that we summarize as follows: (1) the district court erred by allowing the movers to expand their pleadings to include arguments on specific causation, which was not included in the original motions; (2) the district court erred by not granting a continuance at the summary judgment hearing after allowing the movers to expand the issues in contention; (3) the district court abused its discretion by summarily denying their motion for a new trial without a contradictory hearing; and (4) the district court erred in granting an untimely filed motion to join summary judgment in favor of Peter Kiewit which did not include

7

any facts or evidence specific to Peter Kiewit, and with which the Everetts were not properly served or given notice. We shall address each assigned error in the order we deem most efficient, in turn.

*Peter Kiewit's Motion for Summary Judgment*

The Everetts assert Peter Kiewit's motion to join Union Carbide's motion for summary judgment was untimely and there is no evidence that the Everetts were ever served with this motion as required under La. C.C.P. arts. 966(B) and 966(B)(1). In opposition, Peter Kiewit argues that the district court was correct in granting their motion to join Union Carbide's motion for summary judgment because the exposures alleged against Union Carbide and Peter Kiewit were identical, and that considering separate motions for summary judgment could potentially lead to inconsistent judgments. Further, Peter Kiewit maintains that the Everetts effectively waived their objection to the motion to join because they did not file a written objection prior to the April 14, 2022 hearing, nor did they object to the motion to join at the April 14, 2022 hearing; consequently, Peter Kiewit asserts, the Everetts have only raised their objection to the motion to join on appeal without reserving their right to do so.

La. C.C.P. arts. 966(B) and 966(B)(1) provide:

B. Unless extended by the court and agreed to by all of the parties, a motion for summary judgment shall be filed, opposed, or replied to in accordance with the following provisions:

(1) A motion for summary judgment and all documents in support of the motion shall be filed and served on all parties in accordance with Article 1313 not less than sixty-five days prior to the trial.

La. C.C.P. art 1313 provides, in relevant part:

A. Except as otherwise provided by law, every pleading subsequent to the original petition, and every pleading which under an express

8

provision of law may be served as provided in this Article, may be served either by the sheriff or by:

\* \* \*

(4) Transmitting a copy by electronic means to counsel of record, or if there is no counsel of record, to the adverse party, at the number or addresses expressly designated in a pleading or other writing for receipt of electronic service. Service by electronic means is complete upon transmission but is not effective and shall not be certified if the serving party learns the transmission did not reach the party to be served.

\* \* \*

C. Notwithstanding Paragraph A of this Article, if a pleading or order sets a court date, then service shall be made by registered or certified mail or as provided in Article 1314, by actual delivery by a commercial courier, or by emailing the document to the email address designated by counsel or the party. Service by electronic means is complete upon transmission, provided that the sender receives an electronic confirmation of delivery.

Peter Kiewit filed its motion to join on April 13, 2022, one day before the scheduled summary judgment hearing it sought to join. In addition, Peter Kiewit also requested its own hearing on a rule to show cause why its motion to join should not be granted. On April 14, 2022, the district court signed the rule to show cause, setting the hearing for that same day at 9:00 a.m.

First, we recognize that it is common practice amongst co-defendants engaged in complex litigation to join or adopt other co-defendant's motions for summary judgment. However, our reading of La. C.C.P. art. 966(B)(1) makes no provision for the filing of a motion to join a motion for summary judgment less than sixty-five (65) days prior to the trial, which we find to be synonymous with filing a motion for summary judgment.

Our Supreme Court recently discussed an analogous issue in *Auricchio v. Harriston*. In that case, the Court was called upon to determine whether a district court had discretion to allow an untimely filed opposition to a motion for summary judgment. When discussing the time delays for filing an opposition, found in La.

9

C.C.P. art. 966(B)(2),[4] the Court reasoned that "[t]he clear and unambiguous language of Article 966(B)(2) says that, absent the consent of the parties and the court, an opposition *shall* be filed within the fifteen-day deadline established by the article. The word 'shall' is mandatory." *Auricchio v. Harriston*, 20-01167, p. 4 (La. 10/10/21) 332 So.3d 660, 663 (emphasis in original) (citing La. R.S. 1:3). "Under well-established rules of interpretation, the word 'shall' excludes the possibility of being 'optional' or even subject to 'discretion,' but instead means 'imperative, of similar effect and import with the word 'must.'" *Id.* (quoting *Louisiana Fed'n of Tchrs. v. State*, []13-0120, p. 26 (La. 5/7/13), 118 So.3d 1033, 1051). "Summary judgments are intended 'to secure the just, speedy, and inexpensive determination of every action.'" *Id.* (quoting La. C.C.P. art. 966(A)(2)). Further, "[l]imiting judicial discretion by setting a firm deadline for filing an opposition furthers this end. That is a rational legislative choice and must be applied as written." *Id.*

The *Auricchio* Court went on to explain that prior to a revision in 2015, La. C.C.P. art. 966(B) allowed that "[f]or good cause, the court shall give the adverse party additional time to file a response, including opposing affidavits or depositions." However, "[b]y removing the discretionary language and replacing it with mandatory language, we must assume the legislature intended to change the law to eliminate the previously afforded discretion." *Id.* "'[W]hen the legislature changes the wording of a statute, it is presumed to have intended a change in the law.'" *Id.* (quoting *Borel v. Young*, []07-0419, p. 13 (La. 11/27/07), 989 So.2d 42,

---

[4] La. C.C.P. 966(B)(2) provides:

> (2) Any opposition to the motion and all documents in support of the opposition shall be filed and served in accordance with Article 1313 not less than fifteen days prior to the hearing on the motion.

57). Whether, in the case *sub judice,* the plaintiffs were prejudiced is of no moment because "[t]he statute mandates compliance without regard to cause or prejudice." *Id.* at p. 5, 332 So.3d at 663.

Similarly, the previous version of La. C.C.P. art. 966(B)(1) deferred to District Court Rule 9.9 for its time delays for filing a motion for summary judgment, but the 2015 amendment to this article specifically set forth the rule that, unless extended by the court and agreed to by all of the parties, a motion for summary judgment shall be filed not less than sixty-five days prior to the trial. Therefore, using the *Auricchio* Court's approach of strictly construing La. C.C.P. art. 966(B)(1), we find that the district court abused its discretion when it allowed Peter Kiewit to file its motion to join Union Carbide's summary judgment the day before the summary judgment hearing, and only thirty-two (32) days before the trial, scheduled for May 16, 2022.

Second, Peter Kiewit's rule to show cause order contains a notation stating: "Service to be accomplished pursuant to La. C.C.P. Art. 1313 via email with Delivery Receipt Requested." However, the record does not contain a confirmation of delivery as mandated under La. C.C.P. art. 1313(C). As a result, we have no evidence that service of the motion to join was properly served on the Everetts.[5] This Court has held that "[a] judgment rendered against a defendant who has not been served with process as required by law is an absolute nullity, and the judgment shall be annulled." *Gordon v. A-1 St. Bernard Taxi & Delivery*, 17-0048, p. 6 (La. App. 4 Cir. 8/9/17), 226 So.3d 494, 498 (citing La. C.C.P. art.

---

[5] *Cf. Steib v. Lamorak,* 20-0424, p.7 (La. App. 4 Cir. 2/3/21), ___ So.3d ____, 2021 WL 503240 at *3, where this Court found that an *ex parte* motion to join in a motion for summary judgment that did not request a hearing did not trigger the requirements of La. C.C.P. art. 1313(C).

11

2002(A)(2);[6] *see also Brown v. Unknown Driver,* 05-0421, p. 11 (La. App. 4 Cir. 1/18/06), 925 So.2d 583, 590).

Finally, our review of the record leads us to the inference that the district court did not conduct a hearing on Peter Kiewit's motion to join Union Carbide's summary judgment. Instead, counsel for Peter Kiewit simply made an appearance at the summary judgment hearing on April 14, 2022, and offered nothing more than a request to adopt all of Union Carbide's arguments in favor of summary judgment. Considering the facts and circumstances surrounding this sequence of events and the absence of a hearing on the motion to join, we do not find that the Everetts waived their objection to Peter Kiewit's late-filed motion to join Union Carbide's motion for summary judgment. As a result, we conclude that the district court erred when it granted Peter Kiewit's motion to join and dismissed it from the matter with prejudice.

*Foster Wheeler's Motion for Summary Judgment*

It is the Everetts' contention that Foster Wheeler's motion for summary judgment only contained allegations pertaining to general causation, and that it was only in its reply that Foster Wheeler sought to raise the issue of specific causation. To the contrary, Foster Wheeler adamantly asserts that its motion for summary judgment raised the issue of specific causation. We agree. Our reading of Foster Wheeler's motion for summary judgment clearly shows that Foster Wheeler alleged that the Everetts could not prove that any potential asbestos exposure experienced by Ms. Everett could be attributed to them. In its memorandum in

---

[6] La. C.C.P. art 2002 provides in pertinent part:
 A. A final judgment shall be annulled if it is rendered:

* * *

(2) Against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction. . .

support of the motion for summary judgment, Foster Wheeler explicitly asserted "there is no genuine issue of material fact to try with respect to specific causation and Plaintiffs' claims against Foster Wheeler fail as a matter of law, warranting their dismissal, with prejudice."

"The requirement in an asbestos case that the plaintiff establish causation has been characterized as the 'premier hurdle.'" *Steib*, 20-0424, p. 10, 2021 WL 503240 at *5 (quoting *Rando v. Anco Insulations Inc.*, 08-1163, 08-1169, p. 31 (La. 5/22/09), 16 So.3d 1065, 1088). "'[N]otwithstanding the difficulty of proof involved, a plaintiff's burden of proof against multiple defendants in a long-latency case, such as a tort claim for mesothelioma, is not relaxed or reduced because of the degree of difficulty that might ensue in proving the contribution of each defendant's product to the plaintiff's injury.'" *Id.* (quoting *Rando* 08-1163, 08-1169, pp. 35-36, 16 So.3d at 1091). "At the summary judgment stage, a plaintiff must submit specific evidence showing potential exposure to asbestos-containing materials for which the defendant is responsible in order to defeat the defendant's motion for summary judgment." *Id.* at p. 12, 2021 WL 503240 at *6 (citing *Thibodeaux v. Asbestos Corp., Ltd.*, 07-0617, p. 14 (La. App. 4 Cir. 2/20/08), 976 So.2d 859, 867).

Therefore, as Foster Wheeler pointed out in its motion for summary judgment, it was incumbent upon the Everetts to demonstrate that not only was there a genuine issue of material fact whether Mrs. Everett's mesothelioma was possibly caused by asbestos exposure, but also that the asbestos exposure was directly attributable to Foster Wheeler. Although the burden of proof initially rested with Foster Wheeler, once it pointed out there was a lack of factual support

for the Everetts' allegations specific to Foster Wheeler, the burden shifted to the Everetts to demonstrate otherwise (*see* La. C.C.P. art. 966(D)(1)).[7]

In determining whether a genuine issue of material fact exists, "[t]he court may only consider those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made." La. C.C.P. art. 966(D)(2). Here, the Everetts provided a few, short excerpts from the deposition testimonies of Dr. Larned, Mrs. Everett and Mr. Everett. While those documents could arguably lead to the conclusion that there was a genuine issue of material fact as to whether Mrs. Everett's mesothelioma was related to asbestos exposure, neither the Everetts' argument nor the attached documents pointed directly to any of Foster Wheeler's products as being a substantial factor in any alleged exposure to asbestos by Mr. or Mrs. Everett. Accordingly, we conclude that there was no error in the district court's finding that no genuine issue of material fact existed as to Foster Wheeler's liability, and it was proper to grant its motion for summary judgment.

*Motion for Continuance*

The Everetts contend that the district court should have granted them a continuance at the summary judgment hearing based upon the grounds that they

---

[7] La. C.C.P. art. 966(D)(1) provides:

> The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

14

were surprised by a new theory related to specific causation.[8]  This argument is not persuasive.  As we previously discussed, Foster Wheeler's motion for summary judgment explicitly set forth that the Everetts failed to present any evidence that exposure to asbestos attributable to Foster Wheeler, if any, was a substantial factor in the development of Mrs. Everett's peritoneal mesothelioma.

*Motion for New Trial*

The Everetts aver that good ground exists for a new trial for two reasons: (1) because of ill practices perpetrated by Foster Wheeler—again referencing their claim that summary judgment was granted on an issue raised outside of Foster Wheeler's original motion for summary judgment; and (2) the Everetts provided an extensive twenty-six (26) page memorandum in support of the motion for new trial to which they attached twenty-three (23) exhibits addressing specific causation. For the reasons stated above, we disagree with the Everett's first assertion; however, we find their second to hold some merit.

In the case *sub judice*, the Everetts' motion for new trial was summarily dismissed *ex parte* and without a contradictory hearing.  This Court has recognized that "'there is no absolute right to a contradictory hearing on a motion for new trial.'" *Edgefield v. Audubon Nature Institute, Inc.*, 17-1050, p. 4 (La. App. 4 Cir. 9/12/18), 318 So.3d 65, 69 (quoting *Waters v. Allstate Ins. Co.*, 98-0590 (La. App. 4 Cir. 3/31/99), 731 So.2d 1001, 1004), *rev'd on other grounds*, 18-1782 (La. 1/18/19), 261 So.3d 776 (Mem).[9]  Further, "'a jurisprudential exception has developed whereby a motion for new trial may be summarily denied in the absence

---

[8] It is arguable whether the Everetts' counsel's request for twenty-four (24) hours to amend the opposition constituted an actual motion for continuance.

[9] The Supreme Court held that the court of appeal erred in converting relator's timely appeal to an application for supervisory writs and therefore vacated and set aside the judgment of the appellate court, and remanded it back to that court in order to consider the appeal on the merits.

of a clear showing in the motion of facts or law reasonably calculated to change the outcome or reasonably believed to have denied the applicant a fair trial.'" *Id.* at pp. 4-5, 318 So.3d at 69 (quoting *Lopez v. Wal-Mart Stores, Inc.*, 94-2059, p. 9 (La. App. 4 Cir. 8/13/97), 700 So.2d 215, 220). "'As a general rule, the trial court may summarily deny a motion for new trial if the motion simply reiterates issues thoroughly considered at trial.'" *Id.* at p. 5, 318 So.3d at 69 (quoting *Autin v. Voronkova*, 15-0407, p. 5, 177 So.3d 1067, 1070).

It is quite clear from the record that throughout the proceedings, the Everetts' counsel failed to grasp that Foster Wheeler pointed out the lack of evidence of specific causation in its motion for summary judgment, or that he was required to address this issue at the summary judgment phase. This error was fatal to the Everetts' efforts to defend against Foster Wheeler's summary judgment motion. "La. C.C.P. art. 1973 provides the trial court with discretionary authority to grant a new trial 'in any case if there is good ground therefor, except as otherwise provided by law.'" *Warren v. Shelter Mutual Insurance Company*, 16-1647, p. 14 (La. 10/18/17), 233 So.3d 568, 579. "When the trial judge is convinced by his examination of the facts that the judgment would result in a miscarriage of justice, a new trial should be ordered pursuant to La. C.C.P. art. 1973." *Id.* at pp. 14-15, 233 So.3d at 579

In *Smith v. Alliance Compressors*, the appellate court found that in failing to grant a new trial under La. C. C. P. art. 1973, the district court abused its discretion because it "focused on the technical application of the law, without giving due regard to the inherent injustice the losing party would suffer because of the unilateral negligence of [plaintiff's] lawyer." *Smith v. Alliance Compressors*, 05-855, p. 9 (La. App. 3 Cir. 2/1/06), 922 So.2d 674, 680 (citing *Lamb v. Lamb*, 430

16

So.2d 51, 53 (La. 1983), wherein that court reasoned that "[w]hen the trial judge is convinced by his examination of the facts that the judgment would result in a miscarriage of justice, a new trial should be ordered."). The *Smith* court went on to explain that there is a great "need for the reviewing court to exercise particular caution in examining the circumstances underlying judgments that summarily deny the opportunity for a decision on the merits in an action due to the inherent injustice that can be affected if the litigant is not responsible for the failure." *Id.* at p. 11, 922 So.2d at 681 (citing *Hardy v. Kidder*, 292 So.2d 575 (La. 1973)).

In the case *sub judice*, we hold that there were sufficient grounds for the district court to hold a contradictory hearing on the motion for new trial rather than summarily dismissing the motion. We further find that a potential miscarriage of justice exists for the Everetts based upon their counsel's error. It is unclear from the record when the Everetts retained the services of Mr. Baril, the industrial hygienist, but it is likely that the report he produced and which counsel attached to the motion for new trial creates a genuine issue of material fact as to specific causation. In fact, Foster Wheeler was well aware of Mr. Baril's testimony because it had participated in taking his deposition on April 7, 2022, one week before the summary judgment hearing. Additionally, the other attached exhibits give a clearer picture of Mr. Everett's work history and potential exposure to asbestos. Our review of the record in its entirety demonstrates that the record is replete with documentation that could have been attached to the Everetts' opposition to Foster Wheeler's motion for summary judgment rather than the mere twenty-four (24) pages of deposition testimony excerpts. Notwithstanding that discovery was still ongoing and the date of the summary judgment hearing was moved forward by two weeks, it was the error of counsel in not properly identifying all of the allegations

to defend against which left the district court with no choice but to grant Foster Wheeler's motion for summary judgment.

However, as the appellate court emphasized in *Smith,* "it would serve an injustice to allow a judgment resulting in the dismissal of an action to stand, in a case in which reasonable reliance by a party upon a neglectful attorney caused, or contributed to, the resulting decision." *Smith*, 05-855, p. 12, 922 So.2d at 682. "When the record of a suit discloses enough to satisfy the court that the whole story of the case is not told, that essential facts have not been given in evidence and important documents have been omitted, and that substantial justice cannot be done between the parties in the state of the record as filed here, the court will, in its discretion, in the interest of justice, remand the case." *Id*. "[W]here an injustice is done and substantial rights are lost through mere technicalities, it is our duty to interfere." *Id*. at p. 11, 922 So.2d at 681. Accordingly, we find the district court abused its discretion when it summarily denied the Everetts' motion for new trial; therefore, we reverse the district court's denial of the Everetts' motion for new trial and we remand this matter back to the district court for a contradictory hearing on a motion for a new trial on Foster Wheeler's motion for summary judgment.

*Answers to Appeal*

Foster Wheeler and Peter Kiewit each filed answers to this appeal seeking reversal of the district court's judgment, which overruled Union Carbide's objection to plaintiffs' supplemental opposition. In its brief to this Court, Foster Wheeler seeks to dismiss their appeal regarding the supplemental opposition on the grounds that the opposition was only directed towards Union Carbide. We agree. Accordingly, because Union Carbide has been dismissed from this action, we dismiss these appeals as moot.

**DECREE**

For the foregoing reasons, we reverse the district court's judgment granting Peter Kiewit's motion for summary judgment, affirm the district court's judgment in favor of Foster Wheeler's motion for summary judgment, reverse the district court's denial of the Everetts' motion for a new trial, dismiss Foster Wheeler's and Peter Kiewit's Answer to Appeal, respectively, and remand this matter back to the district court for a contradictory hearing on the motion for new trial on Foster Wheeler's motion for summary judgment.

**REVERSED IN PART; AFFIRMED IN PART;**
**ANSWERS TO APPEAL DISMISSED**
**AND REMANDED**