STATE OF LOUISIANA, DIVISION OF
ADMINISTRATION, OFFICE OF
COMMUNITY DEVELOPMENT - DISASTER
RECOVERY UNIT

VERSUS

RANDY GORDON A/K/A RANDY A GORDON
AND DANA GORDON

NO. 23-CA-348

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 799-492, DIVISION "A"
HONORABLE RAYMOND S. STEIB, JR., JUDGE PRESIDING

March 27, 2024

**SUSAN M. CHEHARDY**
**CHIEF JUDGE**

Panel composed of Judges Susan M. Chehardy,
John J. Molaison, Jr., and Timothy S. Marcel

**APPEAL DISMISSED;**
**EXCEPTION OF PEREMPTION**
**DISMISSED WITHOUT PREJUDICE**

    **SMC**
    **JJM**
    **TSM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA, DIVISION OF ADMINISTRATION, OFFICE OF
COMMUNITY DEVELOPMENT - DISASTER RECOVERY UNIT ("OCD -
DRU")

Mary C. Cali
John C. Walsh
William J. Wilson
John C. Conine, Jr.
Drew D. Lyons
Hunter Farrar

COUNSEL FOR DEFENDANT/APPELLANT,
RANDY GORDON AND DANA GORDON

Shermin S. Khan

**CHEHARDY, C.J.**

Defendants, Randy and Dana Gordon, appeal the trial court's judgment denying their motion for new trial, which was filed in response to the State of Louisiana's Office of Community Development – Disaster Recovery Unit's Motion and Order for Dismissal, after the Judgment that OCD obtained against the Gordons had been satisfied. Finding no appellate jurisdiction in this case, we dismiss the appeal.

*Background and Procedural History*

After Hurricane Katrina, a program administered by the State's Office of Community Development – Disaster Recovery Unit ("OCD") disbursed grant money from the U.S. Department of Housing and Urban Development to property owners to elevate their homes to meet or exceed the Advisory Base Flood Elevations established by FEMA. The recipients of elevation funds were required to sign an Elevation Incentive Agreement (EIA), in which the recipients agreed to elevate their home within three years of receiving the funds. The Gordons applied for the grant funds on September 27, 2007.

In 2019, OCD began suing elevation fund recipients who had not provided the office with proof-of-elevation certificates. On September 16, 2019, OCD sued the Gordons seeking the return of the $30,000 in elevation funds they received, because the Gordons did not elevate their home.[1] The Gordons answered the lawsuit on January 30, 2020.

On May 4, 2021, OCD filed a motion for summary judgment, which the Gordons opposed. On July 6, 2021, the Gordons filed a peremptory exception of prescription, arguing that the prescriptive period for a breach of contract claim is

---

[1] The property at issue is located at 4700 Henican Place in Metairie. The property was sold by an act of cash sale to Jaime and Roger Cruz for $280,000 on February 20, 2014. The Gordons do not dispute OCD's assertion that they did not elevate their home. They argue, however, that the need to elevate was eliminated when FEMA modified the base flood level elevations, and their home was no longer located in a flood zone.

ten years pursuant to La. C.C. art. 3499. Because they executed the EIA on December 10, 2008, and OCD did not file suit against them until September 16, 2019, more than ten years later, they argued that the claim was prescribed.[2] At the hearing, the trial court determined that the agreement gave the Gordons three years to elevate their home, therefore finding that the ten-year prescriptive period did not begin to run until three years after the Gordons signed the agreement. In a November 2, 2021 written judgment, the trial court denied the Gordons' exception of prescription. The Gordons did not seek supervisory review of this ruling.

In addition, on February 16, 2022, after a hearing, the trial court granted OCD's motion for summary judgment, ordering the Gordons to pay OCD $30,000 plus legal interest from the date of judicial demand, $5,000 in attorney's fees, and court costs. The Gordons did not appeal this judgment. On March 29, 2022, OCD recorded the judgment in the Mortgage and Conveyance Office of Jefferson Parish.

In approximately May or June of 2022, the State of Louisiana publicly indicated that OCD *may* begin dismissing lawsuits against the homeowners whom OCD had sued for the return of elevation funds.[3]

Although the record is not clear on this point, it appears that around the same time that the State indicated that the dismissal of elevation suits may be forthcoming, an unspecified real estate transaction purportedly necessitated the

---

[2] The Gordons also contended in their exception of prescription that on the date that the signed the elevation incentive agreement, December 10, 2008, their residence actually exceeded Jefferson Parish's Base Flood Elevation requirement, and therefore was not required to be elevated. The Gordons further stated that the Road Home Program representative who evaluated their residence for the elevation award told them that they could use the elevation funds for any Katrina-related repairs.

[3] We take judicial notice of the fact that the State, with the concurrence of the U.S. Department of Housing and Urban Development, publicly indicated that it would forego further legal action and would release homeowners from their debt obligations. *See*, *e.g.*, *Division of Admin., Office of Community Dev. – Disaster Recovery Unity v. Moreira*, 22-245 (La. App. 5 Cir. 5/19/23), 365 So.3d 895, 897 n.1 (taking judicial notice of the State's revised position, and remanding the appeal to the trial court for dismissal of the suit with prejudice); *State v. McCrea*, 21-698 (La. App. 5 Cir. 5/16/23), 364 So.3d 1291, 1293 n.1 (same). *See also State of La. Div. of Admin., Office of Community Dev. – Disaster Recovery Unit v. Lekeshia Johnson*, 21-C-682 (this Court entered an April 13, 2023 en banc order granting the parties' joint motion and order for dismissal, with costs of the proceedings assessed to the State); *State v. Martha Garcia*, 21-C-266 (same); *State v. Eliska Scott*, 21-C-720 (same); *State v. Diane Dodt-Gauthier*, 22-C-583 (same).

satisfaction of the February 16, 2022 judgment that OCD recorded in the mortgage and conveyance records against the Gordons.[4] Thus, on August 5, 2022, OCD received a certified check in the amount of $40,247.14 in satisfaction of that judgment.

The Gordons hired new counsel and on November 11, 2022, they filed a separate lawsuit seeking to nullify the judgment entered against them. That lawsuit was served on OCD in January 2023 and is the subject of a companion appeal that is also pending in this Court, 23-CA-366, *Gordon v. State of La., Div. of Admin., Office of Community Dev. – Disaster Recovery Unit*.

On November 23, 2022, OCD filed a Notice of Mortgage Cancellation in the Mortgage and Conveyance Office of the Jefferson Parish Clerk of Court, and the inscription of the February 16, 2022 judgment against the Gordons was cancelled as having been satisfied.

On January 23, 2023, OCD filed a motion and order for dismissal of its lawsuit against the Gordons, indicating that the balance sued upon had been paid in full. The trial court signed the Order of Dismissal the next day, January 24, 2023.

On February 3, 2023, the Gordons filed a "Motion for New Trial, or, Alternatively, Reconsideration with Incorporated Memorandum." On May 9, 2023, the trial court heard the motion for new trial, denying it in a written judgment issued May 24, 2023.

On June 8, 2023, the Gordons sought a devolutive appeal to review the denial of their motion for new trial. On August 7, 2023, after the record was lodged in this appeal, appellant also filed a Peremptory Exception of Peremption,

---

[4] The record contains an August 2, 2022 letter to Crescent Title from counsel for OCD, which stated that the payoff amount of the Judgment against the Gordons as of August 5, 2022 would total $40,247.14. The letter asked Crescent Title to send a Certified Check to: Louisiana Division of Administration-DRU; Shows, Cali & Walsh, LLP; 628 St. Louis St.; Baton Rouge, LA 70802.

contending that OCD's contract claim is perempted by the five-year peremption period found in La. R.S. 9:2772.

*Subject Matter Jurisdiction*

At the outset, we must address this court's appellate jurisdiction to hear this appeal. OCD contends that this Court does not have appellate jurisdiction over this appeal, because the Gordons have appealed the denial of a motion for new trial, which is an interlocutory, non-appealable ruling. *Truitt v. Graco, Inc.*, 19-121 (La. App. 5 Cir. 11/20/19), 284 So.3d 674, 677. We agree that this Court lacks appellate jurisdiction.

The denial of a motion for new trial is an interlocutory judgment which is not appealable; it is reviewable only under the appellate court's supervisory jurisdiction for an abuse of discretion. *9029 Jefferson Highway, L.L.C. v. S&D Roofing, L.L.C.*, 15-686 (La. App. 5 Cir. 2/25/16), 187 So.3d 522, 524. However, appeals are favored in the law and will not be dismissed for mere technicalities. *Id.* Thus, for example, when the motion for appeal refers to a specific judgment denying a motion for new trial, yet the appellant exhibits a clear intention to appeal instead the judgment on the merits, the appeal should be considered. *Id.*

Here, the appellants' June 8, 2023 motion for appeal refers only to the trial court's May 9, 2023 judgment denying the motion for new trial; it does not reference either the trial court's January 24, 2023 Order dismissing the suit or the February 16, 2022 judgment on OCD's motion for summary judgment. Moreover, appellants' brief assigns a single error: that the trial court legally erred and abused its discretion in denying the motion for new trial.[5] As such, we are bereft of appellate jurisdiction to consider this appeal. Moreover, it is not this Court's policy to convert jurisdictionally defective appeals into writ applications. *See In re*

---

[5] To the extent that the Gordons' new trial motion actually sought a new trial of the February 16, 2022 summary judgment granted in favor of OCD, their motion for new trial would have been untimely pursuant to La. C.C.P. art. 1974.

*Medical Review Panel Proceedings of Foster*, 17-653 (La. 5 Cir. 3/28/18), 243 So.3d 1282, 1285; *State v. Toussaint*, 14-352 (La. App. 5 Cir. 10/29/14), 164 So.3d 900, 901 n.3. Nevertheless, should they choose to do so, defendants are permitted to file an application for supervisory writ to review the trial court's denial of their motion for new trial within 30 days of the date of this decision.

*Peremptory Exception of Peremption*

Having no appellate jurisdiction to consider the denial of the motion for new trial, and in light of the fact that the Gordons correctly acknowledge in their memorandum in support of their exception of peremption that jurisdiction would be supervisory, pursuant to La. Const. Art. V, § 10, La. C.C.P. art. 2201, and Rule 4 of the Uniform Rules – Courts of Appeal, we dismiss the Gordons' peremptory exception of peremption without prejudice.

DECREE

This appeal is dismissed for lack of appellate jurisdiction. Having no jurisdiction to hear this appeal, we also dismiss without prejudice appellants' peremptory exception of peremption.

**APPEAL DISMISSED;**
**EXCEPTION OF PEREMPTION**
**DISMISSED WITHOUT PREJUDICE**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**MARCH 27, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-CA-348

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HON. RAYMOND S. STEIB, JR. (DISTRICT JUDGE)
DREW D. LYONS (APPELLEE)          MARY C. CALI (APPELLEE)          WILLIAM J. WILSON (APPELLEE)
SHERMIN S. KHAN (APPELLANT)

**MAILED**
HUNTER FARRAR (APPELLEE)
JOHN C. CONINE, JR. (APPELLEE)
JOHN C. WALSH (APPELLEE)
ATTORNEYS AT LAW
POST OFFICE DRAWER 4425
BATON ROUGE, LA 70821